97 F.Supp. 630 (1951)
WELKER
v.
HEFNER et al.
No. 1438.
United States District Court, E. D. Missouri, S. D.
May 8, 1951.
*631 C. A. Powell, of Dexter, Mo., for plaintiff.
Finch & Finch and F. L. Jackson, all of Cape Girardeau, Mo., for defendants.
HULEN, District Judge.
On the 11th day of January, 1951, plaintiff filed a suit for damages in the State Court, Stoddard County, Missouri, for personal injuries allegedly resulting from the negligence of the defendant Walter Clyde Hefner through the operation in the State of Missouri of automobile owned by defendant Lowell Hefner. Defendants are residents of Illinois. Service was had on the non-resident defendants by serving the Secretary of State of Missouri and sending notice by registered mail to the defendants at their place of residence pursuant to the Missouri "Long-arm Statute", R.S.Mo.1949, § 506.240 et seq. Service was received by the Secretary of State on January 13, 1951; a registered letter was received by the defendants on the 20th day of January 1951. The defendants removed the cause to this Court by filing their petition on February 9, 1951. Plaintiff has filed a motion to remand the case to the State Court on the ground that the removal petition was not filed within the twenty days required by Section 1446(b) of Title 28 U.S.C.A. Removal is timely if the twenty days are counted from the time notice was received by defendant. The motion to remand should be granted if the period is measured from the day the Secretary of State received service. The issue calls for the interpretation of Section 1446(b), supra, which provides: "The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading * * *".
Plaintiff contends that service is complete when the summons and complaint are received by the Secretary of State, and the twenty days begins running from such date. This position finds apparent support in the wording of the Missouri statute, Section 506.210(2) and (3), which provides that the Secretary of State is the agent of the non-resident motorist for the receipt of service. But to give it force would be to relegate to the legislature of Missouri the power to control removal procedure in Federal Courts, contrary to the terms of the removal code provisions. The right of removal being conferred by the Federal Constitution and laws is beyond the reach of curtailment by State action. Central Union Fire Ins. Co. v. Kelly, 8 Cir., 282 F. 772.
Our attention is called to the case of Helgeson v. Barz, D.C., 89 F.Supp. 429, which involves a fact situation identical to the instant case. Much as we dislike to differ with the learned author of that opinion, we find ourselves in that position. It was held in that case that the time for removal begins to run from the date service is received by the Secretary of State. The Court said that any other decision would break down the uniformity which the twenty day removal period has accomplished. The Court was troubled by the fact that if the time began from the date notice was received by the defendant, the removal period would be twenty days plus an uncertain number of days required for the receipt of notice which of course would vary according to the non-resident defendant's distance from the place of suit and the speed of postal service. We think this reasoning does not accord with the wording of the removal statute. The removal statute fixes the beginning of removal time from receipt by the defendant of service. "The petition * * * shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading".
*632 The word "receipt" indicates notice of the proceedings must come to the defendant. The word "defendant" is specific, and it does not seem logical to say that this word would include a fictional agent who, by virtue of the State's police power and a "Long-arm Statute" passed in accordance therewith, is appointed by the defendant operating his automobile in the State. Service is not complete by receipt of same by the Secretary of State since that merely establishes the jurisdictional base and gives a defendant substantive due process. Such a statute must also provide for notice reasonably calculated to reach the defendant before procedural due process has been complied with. Also the words "through service or otherwise" would seem to imply that "receipt * * * of a copy of the initial pleading" was contemplated by some means other than actual service, i. e. registered mail.
To hold otherwise would prevent removal for litigants in many of these cases. Where the distance is great or the mail service slow, a defendant may not get notice of the suit until twenty days have elapsed since the Secretary of State has received service. Even if a defendant gets notice sooner, by the time he contacts a lawyer and arrangements for removal are made, the twenty day period might well have passed. And so the ultimate result would be that in some cases to follow the inference of a state statute would destroy entirely the right of removal. We cannot believe such a conclusion in accord with the rights of citizens, defendants in this class of cases, to exercise their right to a trial in a Federal Court. Plaintiff exercises that right when he chooses the court in which he would sue.

Order
Motion to remand will be overruled.