## BOHN v. LESTER.

### No. 7261.

United States District Court
W. D. Missouri, W. D.

Jan. 9, 1952.

262

Kuraner, Freeman & Kuraner of Kansas City, Mo., for plaintiff.

Sam Mandell (of Popham, Thompson, Popham & Mandell), of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Attempted removal to this court was made pursuant to the provisions of Section 1446, Title 28 U.S.C.A. This section provides that: "(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or other-wise, of a copy of the initial pleading * * *."

The original action was filed in a state court on or about November 2, 1951. Service was had upon the Secretary of State, November 5, 1951, and the defendant's petition for removal was filed on November 26, 1951, which was one day beyond the twenty days limited by statute. The defendant, however, supports its contention that the removal was timely by citing an opinion by able Judge Hulen of the Eastern District of Missouri. This opinion is published in Welker v. Hefner, 97 F.Supp. 630. In that opinion Judge Hulen undertakes to construe the Missouri service statute and declined to follow the case of Helgeson v. Barz, D.C., 89 F.Supp. 529. The Missouri statute construed by Judge Hulen is Section 506.210, R.S.Mo. 1949, V.A.M.S. It provides for service of process in civil actions upon non-residents who drive their automobiles upon the highways of Missouri and in doing so create a cause of action in favor of a resident or non-resident.

This statute has been upheld as constitutional and similar statutes have been adopted by many of the states. The non-resident operator, in using the highways of Missouri, agrees that the secretary of state be appointed "as his lawful attorney and agent upon whom may be served all process in suits pertaining to such actions and proceedings". Section 506.210, R.S. Mo. 1949, V.A.M.S. Said section then provides by paragraph 3, that the non-resident agrees "that any process in any suit so served shall be *of the same legal force and validity as if personally served on him in this state.*" (Emphasis mine.) Succeeding sections undertake to prescribe how the secretary of state shall then give notice to the defendant of the suit. The form of notice prescribed by statute employs the following language: "You will take notice that original process in suit against you, a copy of which is hereto attached, *was duly served upon you at Jefferson City, Cole county, Missouri* (emphasis mine) by serving same on the secretary of state of the state of Missouri, or his chief clerk." V. A.M.S. § 506.250.

The removal statute, and particularly paragraph (b), Section 1446, Title 28 U.S. C.A. provides that petition for the removal of a civil action "shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based * * *."

■ It was Judge Hulen's opinion that the statute pertaining to service in such cases was a limitation upon the national statute relating to removal. Paragraph (b) of said section 1446, Title 28 U.S.C.A. merely uses the date of service of process in a state court as a basis for removal. The state legislature has a right to say, within constitutional limits, what shall constitute due service and where it has once fixed conditions of a valid service the national courts are bound thereby as it is not only adjective or procedural law, 72 C.J. S., Process, § 25, p. 1023, but is wholly statutory. State ex rel. Minihan v. Aronson, 350 Mo. 309, 165 S.W.2d 404.

■ Clearly, by express statute, the defendant received a copy of the initial pleading "through service" upon the Secretary of State or his chief clerk.

Judge Duncan, of this court, in Lusk v. Lyon Metal Products, 9 F.R.D. 250, by an-

alogy has construed this statute and this construction seems better reasoned and will be followed in this case.

The motion to remand should be and will be sustained.