**HESTON v. HORTON.**

**No. 8575.**

United States District Court
W. D. Missouri, W. D.

Oct. 3, 1953.

Graham & Stipp, Carrollton, Mo., for plaintiff.

Robert J. Taylor, Trusty, Pugh & Green, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The motion to remand challenges the jurisdiction of the court by reason of failure of defendant to comply with the provisions of paragraph (b) Section 1446 Title 28 U.S.C.A. Said section prescribes the procedure for removal from a state to a national court. The paragraph under observation is as follows:

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, * * *."

The petition for removal contains the following express recital:

"3. On July 15, 1953, defendant was served with a summons and a copy of petition in the aforesaid action through the Secretary of State."

The petition for removal was not filed until August 13, 1953. This was 29 days after the defendant was served with process. While the defendant does not question the service, but specifically acknowledges that the defendant was duly served on July 15, 1953, yet, it is interesting to note the statute in view of the very able opinion in Welker v. Hefner, D.C., 97 F.Supp. 630. This opinion undertook to construe the removal statute in connection with the state statute relative to actions against nonresident motorists and the service of process upon them.

Section 506.210, RSMo 1949, V.A.M.S., specifically provides that the operation of an automobile on the highways of Missouri by a nonresident,

" * * * shall be deemed

"(1) An agreement by him that he will be subject to the jurisdiction of the courts of this state over all civil actions and proceedings against him by either a resident or nonresident plaintiff, for damages to person or property, including actions for death, growing or arising out of such use and operation; and

"(2) An appointment by such nonresident of the secretary of state

of Missouri as his lawful attorney and agent upon whom may be served all process in suits pertaining to such actions and proceedings;

"(3) *An agreement by such nonresident that any process in any suit so served shall be of the same legal force and validity as if personally served on him in this state.*" (Emphasis mine.)

Section 506.240, RSMo 1949, V.A.M.S., provides that service of process as prescribed in the foregoing,

" \* \* \* shall be made by delivering a copy of the summons, with a copy of the petition attached, together with a remittance of one dollar, to the secretary of state of Missouri at his office, or in his absence, to the chief clerk of the secretary of state, at his office, *and such service shall be sufficient service upon such nonresident.*" (Emphasis mine.)

Quite clearly, under the Missouri law (and the national courts are bound by it) service of process is sufficient when accomplished in the manner prescribed by statute and as conceded by the removing defendant.

In the light of the above, the petition to remand should be sustained.