**RODRIGUEZ et al. v. HEARTY et ux.**

Civ. A. No. 693.

United States District Court
S. D. Texas, Laredo Division.

May 7, 1954.

John Noyola, Mann & Byfield, Laredo, Tex., for plaintiffs.

Lewright, Dyer, Sorrell & Redford, Corpus Christi, Tex., for defendants.

ALLRED, District Judge.

Plaintiffs, resident citizens of Texas, sued defendants, resident citizens of Louisiana, in the state district court of Webb County for damages arising out of an automobile collision. Although the action is in personam, and notwithstanding the provisions of the Texas statute, Art. 2039a, Vernon's Ann.Tex. Civ.St., authorizing service on a nonresident motorist by process to be served on the Chairman of the State Highway Commission, plaintiffs procured the issuance by the state court clerk of a "Notice to Serve Non-Resident Defendant"[1] and caused such notice to be served on defendant in New Orleans on March 3, 1954. This type of service was, of course, a complete nullity and did not subject defendants to the jurisdiction of the state court.[2] They were not required

---

1. Authorized by Rule 108, Texas Rules of Civil Procedure, usually employed in proceedings in rem.

2. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Guerra de Chapa v. Allen, D.C.Tex., 119 F.Supp. 129.

to answer and no valid judgment could be rendered against them unless they entered their appearance.

Apparently, in recognition of this void service, plaintiffs caused process to be served on the Chairman of the State Highway Commission on March 26, 1954, under the Texas statute providing for substituted service of process on a non-resident motorist. Within 20 days thereafter defendant duly removed the action to this court.

Plaintiffs move to remand on the ground that the removal petition should have been filed within 20 days after defendants received the copy of plaintiffs' "initial pleading," delivered with the "Notice to Serve Non-Resident Defendant." This presents a unique question never before passed upon by the courts.

Under former section 72 of Title 28 U.S.C., a defendant desiring to remove an action, had to file his petition to remove "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff". The time for answer varied in the several states, resulting, in some instances, in long delays before the petition for removal had to be filed.[3] In the revision of the Judicial Code, effective September 1, 1948, it therefore was provided in subsection 1446(b) of Title 28 as follows:

"The petition for removal of a civil action or proceeding may be

filed within twenty days after commencement of the action or service of process, whichever is later."[4]

Subsection 1446(b) of Title 28 was amended in 1949, however, so as to read as follows:

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the *receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,* or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and ·is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (Emphasis supplied.)

The foregoing is a part of the Act of May 24, 1949, c. 139 § 83, 63 Stat. 101. The court does not have available the history or background of the amendment disclosing Congress' reasons for the language emphasized above requiring a removal petition to be filed within 20 days

3. In Texas, for instance, not so long ago, a defendant had until "appearance day" (the day after commencement of a term) to answer. In many counties there were only two terms a year; so that a defendant sometimes had as long as 6 months to answer since he had to be served at least 10 days before the term to which the citation was returnable. Old Art. 2009, Tex.Stat.

4. The Reviser's notes as to this change read as follows: "Subsection (b) makes uniform the time for filing petitions to remove all civil actions within twenty days after commencement of action or

service of process whichever is later, instead of 'at any time before the defendant is required by the laws of the State or the rule of the State court in which suit is brought to answer or plead' as required by section 72 of Title 28 U.S.C., 1940 ed. As thus revised, the section will give adequate time and operate uniformly throughout the Federal jurisdiction. The provisions of sections 74 and 76 of said title [28 U.S.C., 1940 ed.], for filing at any time 'before trial or final hearing' in civil rights cases and cases involving revenue officers, court officers and officers of either House of Congress were omitted."

after "receipt \* \* \* through service or otherwise, of a copy of the initial pleading \* \* \*." However, it has been analyzed by Judge Delehant, in Youngson v. Lusk, D.C.Neb. 96 F.Supp. 285, 288, as follows:

"The flexibility of the quoted language allows its broad application to the varied practices of the several states, in some of which the process precedes, in others of which it follows, the filing of the petition, and some of which require, and others do not require, the formal service of the petition or a copy thereof on the defendant."

In some of the states, such as New York, service or receipt of a copy of the "initial pleading" may be by mail.[5] It is clear from the subsection, as it now stands, that in those states where a copy of the "initial pleading" is *not* required to be served on the defendant, the 20 days runs from the date of the filing of the pleading or the service of summons, whichever is shorter; and in those states where a copy of the "initial pleading" *is* required to be served, the 20 days runs from the date of actual receipt of a copy of such pleading. The language must be read here against the background of specific nonresident motorist statutes which are "highly jurisdictional,"[6] subjecting a nonresident motorist to state jurisdiction and to constructive service through some state officer. The Texas statute, art. 2039(a), authorizing service upon the Chairman of the State Highway Commission provides that "such service shall be sufficient upon said nonresident \* \* \* provided \* \* \* that notice of such service and a copy of the process be forthwith sent

by registered mail by the Chairman \* \* \* to the nonresident defendant \* \* \*." Section 2 of the Act requires the Chairman immediately to send a copy to the defendant by registered mail, provides for personal service, if notice cannot be effected by registered mail, and for a return of service. The "process" referred to is evidently the form of citation attached to the petition to remove, the same form used for resident defendants which Rule 101, Texas Rules of Civil Procedure, provides "shall be accompanied by a copy of plaintiff's petition." The citation served upon the chairman of the State Highway Commission, and attached to the petition to remove, states that it is accompanied by a "certified true and correct copy of Plaintiff's Petition."

So, it is equally clear that in Texas a copy of the "initial pleading" is required to accompany the process served upon the Chairman of the Highway Commission and the copy mailed to a defendant by the Chairman. Therefore, the copy so received or served ordinarily fixes the date from which the 20 days begins to run.[7]

Plaintiffs point to the fact that a literal reading of the removal statute shows defendants were in "receipt, through service or otherwise, of a copy of the initial pleading" by virtue of the previous service of the "Notice to Serve Non-Resident Defendant," issued pursuant to Rule 108 of the Texas Rules of Civil Procedure. But this ignores the fact that this action is a special proceeding, to which Rule 108 does not apply at all, but controlled by a statute applicable only to automobile collision cases in which a nonresident is involved, and with special re-

---

5. Markantonatos v. Maryland Drydock Co., D.C.N.Y., 110 F.Supp. 862, 863, 864; Potter v. Kahn, D.C.N.Y., 108 F.Supp. 593.

6. Guerra de Chapa v. Allen, footnote 2 supra.

7. Since defendant's petition for removal was filed within 20 days after the Chairman of the State Highway Commission was served, it is not necessary to decide whether the 20 days begins to run from the time the State officer, designated as agent for service, is served or when a defendant receives a copy by mail or otherwise. Upon this there is a contrariety of opinion. That it runs from the time the State officer is served is held in: Heston v. Horton, D.C.Mo., 115 F.Supp. 13; Bohn v. Lester, D.C.Mo., 102 F.Supp. 261. Contra: Welker v. Hefner, D.C. Mo., 97 F.Supp. 630.

**128**

quirements as to notice and service upon, or mailing of a copy of the "initial pleading" to, a defendant. Plaintiffs also say that, within 20 days after receipt of the invalid notice, defendants could have removed the case and then raised the question as to validity of the service and notice in this court. But the "Notice to Serve Non-Resident Defendant," upon which plaintiff relies, is void in an automobile injury case. Defendants were not required to enter an appearance or move to quash or remove. To give the statute the interpretation plaintiffs assert would permit all plaintiffs to evade the provisions of the Texas nonresident motorist statute and lead to other unreasonable methods. For instance, a plaintiff might mail a copy of the initial pleading to a nonresident and then assert that since he had received a copy "otherwise" than by service, such defendant must file a petition to remove within 20 days. Congress could not have intended any such result.

The motion to remand will be overruled. The clerk will notify counsel to submit an order accordingly.