**James A. MAHONY, Plaintiff,**

v.

**WITT ICE AND GAS COMPANY, a corporation, Defendant.**

No. 9702.

United States District Court
W. D. Missouri, W. D.

June 3, 1955.

Popham, Thompson, Popham, Mandell & Trusty, Kansas City 6, Mo., for plaintiff.

Rogers, Field & Gentry, Kansas City, Mo., for defendant.

RIDGE, District Judge.

Action, begun in the state court, for personal injuries arising out of collision of plaintiff's automobile and truck driven by defendant's alleged agent. Defendant

removed the same on the ground of diverse citizenship of the parties and requisite jurisdictional amount. Plaintiff now moves to remand for failure to comply with the Removal Statute, 28 U.S.C.A. § 1446.

### (1)

■ Plaintiff avers that the procedure prescribed by Section 1446, Title 28, U.S.C.A., was not followed in this removal proceeding with the required exactness, in that defendant allegedly gave notice *before*, rather than *after*, the filing of the petition to remove. There is no evidence before us, however, that such was the case; rather, the record shows only that the notice was received by plaintiff on the same day that the removal petition was filed, May 31, 1955. Thus, as opposed to the facts before the Court in Merz v. Dixon, D.C. Kan., 95 F.Supp. 193, relied on by plaintiff, any attempt by us to declare which of these acts was done first in point of time would be pure speculation.

Even if specific proof of the priority of these acts had been made, we would doubt the merit of plaintiff's point. The common law, of course, refused to concern itself with the fractions of a day, presuming for convenience that all acts done on the same day were done at the same instant. In re Susquehanna Chemical Corp., D.C., 81 F.Supp. 1, affirmed Susquehanna Chemical Corp. v. Producers Bank & Trust Co., 3 Cir., 174 F.2d 783. If the acts were required to be done in a certain order it was presumed that the required order had been followed. 86 C.J.S., Time, § 16. We admit that in the past some District Courts have, in dealing with questions of removal procedure, due to the jurisdictional necessity for exact compliance with the statute, seen fit to inquire as to the exact hour and minute at which the respective acts were done. With varying results; for instance, in Kueck v. Northwestern Mutual Life Ins. Co., D.C.S.D. N.Y., 2 F.Supp. 400, a difference of fifty minutes was overlooked, while in Siders v. Natural Gas Pipe Line Co., D.C.S.D.

Iowa, 16 F.Supp. 857, the passage of a half day was thought too much. Under the former statute, 36 Stat. 1095, 28 U.S.C. (1940) § 72, there may have been some justification for such meticulousness, the courts construing the then existent requirement that notice be given *before* filing, as indicating an intent to provide the party opposing the removal an opportunity to be heard or to amend before the removal was effected. Cf. Johnson v. Walsh, D.C., 65 F.Supp. 157.

■ We do not believe, however, that such minute inquiry is required under the present statute. Notice is not now required until after the filing of the removal petition, Act of June 25, 1948, c. 646, 62 Stat. 939, 28 U.S.C. 1446(e), and any irregularity in the removal proceedings are to be raised by a subsequent motion to remand. Section 1447. The express purpose of the latest amendment to Section 1446(e), Act of May 24, 1949, § 83(b), was "to indicate that notice need not be given simultaneously with the filing, but *may* be made promptly thereafter". (Emphasis added.) Committee Report, U. S. Code and Congressional Service, 1949, p. 1268. We thus conclude that substantially simultaneous notice given the same day, though not required, is at least permissible under the present statute, where no prejudice is shown to exist from any such action.

### (2)

A more serious ground raised by the motion to remand is that the removal petition was not filed within the time prescribed by Section 1446(b), Title 28, U.S.C.A. The following dates, therefore, are significant: Service of summons and copy of petition herein was had on the Secretary of the State of Missouri, as agent of the defendant nonresident motorist, under Section 506.- 240 RSMo 1949, V.A.M.S., March 8, 1955; notice of such service and copy of petition were mailed to defendant's address in Los Angeles, California, the same day; defendant received such papers on March 14th; the petition to re-

move was filed with this Court on March 31, 1955. Thus, if the 20-day period during which a removal must be had under Section 1446(b), supra, is to be computed from the time service was had upon the authorized State official, the instant removal is out of time and the motion to remand must be granted; if, on the other hand, the statutory period is to be computed from the time defendant actually received a copy of the petition and summons, the removal was timely.

Our starting point must be that the question has been squarely ruled by a former Judge of this Court, in Bohn v. Lester, D.C., 102 F.Supp. 261, 262, and Hester v. Horton, D.C., 115 F. Supp. 13, to the effect that the time for removal begins to run from date of service on the Secretary of the State of Missouri. Such decisions, of course, are entitled to great respect and, in view of the soundness of the public policies underlying the doctrine of *stare decisis*, ought not be lightly disregarded. Nevertheless, as said by our Court of Appeals, in United States v. State of Minnesota, 8 Cir., 113 F.2d 770, 774:

> "The strong respect for precedent which inheres in our legal system has its qualifications and limitations. It does not call for a blind, arbitrary and implicit following of a precedent, but recognizes, no vested rights nor rule of property being involved, that it is more important as to far reaching judicial principles that the court should be right than that it merely be in harmony with its previous decisions. Such a respect for precedent balks at the perpetuation of error, and the doctrine of *stare decisis* is, after all, a subordinate to legal reason and is properly departed from if and when such departure is necessary to avoid the perpetuation of error."

So also a District Court is not blindly bound for all time to the opinions of its former Judge, cf. Wallingford & Arango v. McCarthy, D.C.C.Z., 69 F. Supp. 1000, if the exercise of its independent judgment forces its later Judge to a contrary conclusion. With such principles in mind, we have with all due respect presumed to re-examine the question presented.

The statute which we must apply seems clear enough on its face:

> "The petition for removal of a civil action or proceeding shall be filed within twenty days after the *receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief* upon which such action or proceeding is based * * *." (Emphasis added.)

Although the above is written clearly and precisely and represents the last of a long series of legislative attempts to achieve clarity and uniformity in removal practice, the reported decisions of the various United States District Courts which have applied the above statute to actions brought under the various state non-resident motorist acts are in hopeless conflict. In addition to the opinions of Judge Reeves, noted above, the Districts of Minnesota Hegelson v. Barz, D.C., 89 F.Supp. 429, and Nebraska, Youngson v. Lusk, D.C., 96 F.Supp. 285, have apparently held that the 20-day period runs from the day service is had upon the designated state official, holding that service under their respective statutes is therewith complete. On the other hand, the rule in the Eastern District of Missouri, Welker v. Hefner, D.C., 97 F.Supp. 630, and all other courts whose decisions have been reported, Merz v. Dixon, D.C.Kan., 95 F.Supp. 193; Moon v. Makowski, D.C. S.D.Ohio, 114 F.Supp. 914; Alexander v. Peter Holding Co., D.C.E.D.N.Y., 94 F.Supp. 299; and Durr Drug Co. v. American Surety Co., D.C.M.D.Ala., 126 F.Supp. 815 (the last two on similar statutes relating to non-resident corporations), is that under the doctrine of Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, service under such statutes is not complete, constitutionally speaking, unless there is some

notice of the service given the non-resident; hence they reason the 20-day period should not begin to run until the defendant actually receives notice of the service of process directed to him.

■ Faced with such irreconcilable conflict, we can only resort back to the statute itself, bearing in mind that it, rather than the case law, is controlling. Stoll v. Hawkeye Casualty Co., 8 Cir., 185 F.2d 96, 22 A.L.R.2d 899.

■ To our mind, the statute is clear and unequivocal in providing that the 20 days is to run from the *receipt* by the *defendant*, through service *or otherwise*, of a copy of the initial pleading. It does not say that the period is to run from "service" on the defendant, or from "notice" to the defendant, or from service on the defendant "or his statutory agent." We believe that when the statute provides that the 20 days are to run from the receipt of a copy of the pleading by the defendant it means just that and we can see no reason for holding otherwise. Receipt by the statutory agent is not receipt by the defendant by any stretch of the judicial imagination. It is the defendant, and not the Secretary of the State of Missouri, who has to decide within the prescribed time whether he desires and has grounds for removal. We, therefore, can only conclude that the 20-day period prescribed by Section 1446(b) runs from actual receipt of the initial pleading by a non-resident motorist, and not from time of service on the Secretary of State who is a mere statutory agent with no duty to perform with respect to service upon him, other than to forward the process to the non-resident defendant.

As to the first class of cases above mentioned, we fail to see how it matters when service is technically complete under the respective state statutes. The statute provides that the twenty days run from receipt by defendant, through service *or otherwise*, of a copy of the pleading, not from the technical completion of a legally effective service upon him.

As to the second group of cases, we, with equal obtuseness, fail to appreciate the effect of the decision in Wuchter v. Pizzutti, supra. We read that case as holding that if the State Statute does not provide some fair means of apprising the non-resident of the pendency of a suit against him, the statute and any service under it is lacking in procedural due process. But as we said in reference to the first class of cases, we are not here concerned with whether a legally valid service has been made, but only with the time at which the right of removal became operative because the defendant received a copy of the initial pleading.[1] The defendant receives a copy of the initial pleading when he gets a copy thereof, and nothing in Wuchter says otherwise. We might here note that Wuchter doesn't demand that actual notice be had in all cases, only that the statute provides for some reasonably fair attempt at the giving of notice. If, under the test established by these cases the period runs from the time notice is received by the defendant, when would the period expire if the defendant hadn't received the statutory notice, but, nevertheless, found himself subject to the state court's jurisdiction?

Thus, as much as we regret having to disagree with the many and learned precedents of our former and respected fellow judges we can now only conclude that the 20-day period prescribed by

---

1. We do not mean to intimate that Wuchter would not be controlling with reference to those states whose statutes, unlike that in Missouri, does not *require* that a copy of the pleading be sent to the defendant, together with the statutory notice. In such case, the remainder of 1446(b) would appear to be applicable, "or within twenty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter"; and the court may then well have to inquire as to when a valid service is had upon the defendant. Cf. Rodriguez v. Hearty, D.C.S.D.Tex., 121 F. Supp. 125. (Query: Would not the practical effect then be the same as under our ruling herein?)

Section 1446(b) runs from the actual receipt of the initial pleading by the non-resident motorist under the Missouri statute, supra.

In so ruling, we are not unmindful of certain practical considerations. In addition to the desirability of a uniform construction, at least with reference to the Missouri statute, we believe that the certainty and uniformity of removal practice which was the aim of the Congress may be somewhat enhanced. Under the present ruling, if the notice provision of the statute results in actual receipt by the defendant of a copy of the complaint as the statute contemplates (if not, he could hardly be expected to remove), as evidenced in the record by the required proof of service, Section 506.270 of the Missouri statute, both the Court and the plaintiff then know that the defendant has 20 days in which to seek his removal. More important, this gives the non-resident motorist the same opportunity as any other defendant in which to seek his removal, whether he be at a one- or five-day mail distance.

Thus concluding, the removal herein was timely, having been had within 20 days following receipt by defendant of a copy of the initial pleading herein.

■ Plaintiff's further objection that the answer herein was not filed within five days following the removal, is obviously without merit. Rule 81(c), F.R.C.P., 28 U.S.C.A., allows a defendant 20 days following receipt of a copy of the pleading, or service, or 5 days after filing the petition for removal, "whichever period is longest" in which to answer.

The motion to remand is, accordingly, overruled.

It is so ordered.

RICHARD M. DUNCAN, Chief Judge, and CHARLES E. WHITTAKER, District Judge, concur in the disposition here made of the issues involved in the instant motion to remand.