Ann BENSON, Plaintiff,

v.

John A. BRADLEY, Defendant.

George MILLER, as Trustee for the Heirs and Next of Kin of Edmund A. Benson, Deceased, Plaintiff,

v.

John A. BRADLEY, Defendant.

Nos. 6–63–Civ. 309, 6–63–Civ. 311.

United States District Court
D. Minnesota,
Sixth Division.

Nov. 12, 1963.

James D. Cahill and Garrity, Cahill & Gunhus, Moorhead, Minn., for plaintiffs.

Mart R. Vogel, Wattam, Vogel, Vogel, Bright & Peterson, Fargo, N. D., for defendant.

LARSON, District Judge.

This is an action in which North Dakota and Minnesota plaintiffs are suing a citizen of Saskatchewan, Canada. Jurisdiction was obtained over the defendant pursuant to Minnesota Statutes § 170.55 (The Minnesota "long arm" statute). The requisite service on the Commissioner of Highways was made on September 25, 1963, and the papers which the Minnesota statute requires be sent to the defendant were mailed to him on October 2, 1963.

On October 18, 1963, defendant petitioned to remove the case from the District Court for the Seventh Judicial District of the State of Minnesota to this Court. The removal was proper as to jurisdiction over the parties, 28 U.S.C. § 1441(b), but plaintiffs here move to remand the case to the State Court because the petition for removal was not timely. The relevant section of the Removal Statute is 28 U.S.C. § 1446(b), which provides in part:

> "The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Plaintiffs argue that the twenty day period should begin to run with the serv-

ice on the Commissioner of Highways in compliance with the long arm statute, which would mean that in the instant case the period would have begun on September 25, and the removal would not have been timely.

Section 1446(b) provides alternative points from which to measure the twenty days. One period is measured from the time the defendant "through service or otherwise" receives a copy of the initial pleading; the other is described after the conjunction "or" and begins "after service of summons" "if such initial pleading has then been filed in court and is not required to be served on the defendant." Where either point could be used, the shorter is to be used.

Under M.S. § 170.55 [1] a plaintiff who has served the Commissioner of Highways pursuant to its provisions must send "notice of such service and a copy of the process" to the defendant within ten days. Hence the first clause in § 1446(b) prescribes the period which is relevant to the instant type of action.[2]

The precise question before this Court, then, is when does the twenty day period begin to run under the first clause of § 1446(b)? The ancestor of § 1446 is found in the Federal Act of 1875, ch. 137, § 3, 18 Stat. 470 (Part 3), and the time period for removal varied with the type of action from 1875 until 1948. 28 U.S.C. § 72 (1940 ed.). The 1948 revision provided:

> "The petition for removal of a civil action or proceeding may be filed within twenty days after commencement of the action or service or process, whichever is later."

This wording, while it required personal service, did not require that the defendant be served with a copy of the complaint. "The omission [of this requirement] was thought to be unreasonable because the defendant could not fairly be required to decide whether he wished to remove the case until he had received a copy of the complaint and to learn therefrom the basis for the suit." Potter v. McCauley, 186 F.Supp. 146, 148

---

1. "170.55 *Service of process; residents; nonresidents; commissioner of highways as agent*

"Subdivision 1. The use and operation by a resident of this state or his agent, or by a nonresident or his agent of a motor vehicle within the state of Minnesota, shall be deemed an irrevocable appointment by such resident when he has been absent from this state continuously for six months or more following an accident, or by such nonresident at any time, of the commissioner of highways to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him or his executor, administrator, or personal representative growing out of such use and operation of a motor vehicle within this state, resulting in damages or loss to person or property, whether the damage or loss occurs on a highway or on abutting public or private property. Such appointment is binding upon the nonresident's executor, administrator, or personal representative. Such use or operation of a motor vehicle by such resident or nonresident is a signification of his agreement that any such process in any action against him or his executor, administrator, or personal representative

which is so served, shall be of the same legal force and validity as if served upon him personally or on his executor, administrator, or personal representative. Service of such process shall be made by serving a copy thereof upon the commissioner or by filing such copy in his office, together with payment of a fee of $2, and such service shall be sufficient service upon the absent resident or the nonresident or his executor, administrator, or personal representative; provided that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant at his last known address and that the plaintiff's affidavit of compliance with the provisions of this chapter is attached to the summons."

2. The second clause contemplates situations where a copy of the complaint does not accompany the summons but is filed in court at the time the summons is issued or later. In such a situation, the twenty day period has been held to commence when the complaint is available to the defendant, whether or not he has actually read it. See Raymonds Inc. v. New Amsterdam Casualty Co., 159 F.Supp. 212 (D.Mass.1956) (Wyzanski, J.); note 3, infra.

(D.Maryland 1960). In addition, many states have procedures which provide that the complaint need not be served upon the defendant until some time after the summons or, in some cases, not at all.[3] To meet these problems, the present subsection (b) was placed in the statute in 1949.

The statute provides that the petition shall be filed within twenty days *"after the receipt by the defendant"* of a copy of the pleading setting out the claim. The House Report accompanying the bill says that "[t]he first paragraph of the amendment to subsection (b) * * * [provides] that the petition for removal need not be filed until 20 days after the defendant *has received* a copy of the plaintiff's initial pleading." (Emphasis added.) 2 U.S.Code Congr.Serv. 1268 (1949). Thus both the text of the statute and its legislative history emphasize that the twenty day period begins when the defendant receives a copy of the complaint. This conforms to the policy of the statute which effects a balance between the defendant's right to remove and the requirement that this decision be made promptly. The defendant is given twenty days in which to make this decision. In every situation but one referred to in the legislative history, the twenty days is to commence when the defendant has received the complaint or when it is made available to him. The one exception, contained in the second clause of subsection (b), covers those situations where the State procedure does not require the complaint to be served on the defendant.[4] If, as both the Senate and House Reports say, in cases where the complaint is served or filed after the summons, the twenty days does not begin to run until the complaint is served upon the defendant or made available to him, it seems clear that where, as under the Minnesota procedure, the summons and complaint are served simultaneously, the twenty days should not begin to run until the defendant has the complaint. A section drafted to avoid placing a "defendant in the position of having to take steps to remove a suit to Federal court before he knows what the suit is about" must be construed to avoid requiring a defendant to remove a suit to Federal Court before he even knows there is a lawsuit.

Is the requirement of 28 U.S.C. § 1446 (b) that the complaint be received by the defendant satisfied by service on a statutory agent for service of process such as the Commissioner of Highways under M.S. § 170.55? If the answer is yes, the twenty days would begin running on the day the statutory agent was served.

▬ Several courts have held the twenty day period must be measured from the date of filing with the statutory agent. E. g., Heston v. Horton, 115 F. Supp. 13 (W.D.Mo.1953) (Reeves, J.); Bohn v. Lester, 102 F.Supp. 261 (W.D.

---

3. See Report of Senate Committee accompanying revision, 2 U.S.Code Cong.Serv. 1254 (1949):
   "In some States suits are begun by the service of a summons or other process without the necessity of filing any pleading until later. As the section now stands, this places the defendant in the position of having to take steps to remove a suit to Federal court before he knows what the suit is about. As said section is herein proposed to be rewritten, a defendant is not required to file his petition for removal until 20 days after he has received (or it has been made available to him) a copy of the initial pleading filed by the plaintiff setting forth the claim upon which the suit is based and the relief prayed for. It is believed that this will meet the varying conditions of practice in all the States." The parenthetical phrase, it will be noted, supports Judge Wyzanski's view in Raymonds Inc. v. New Amsterdam Casualty Co., supra, note 2.

4. "This provision, however, without more, would create further difficulty in those States, such as Kentucky, where suit is commenced by the filing of the plaintiff's initial pleading and the issuance and service of a summons without any requirement that a copy of the pleading be served upon or otherwise furnished to the defendant. Accordingly the first paragraph of the amendment provides that in such cases the petition for removal shall be filed within 20 days after the service of the summons." 2 U.S.Code Congr.Serv. 1268 (1949).

Mo.1952) (Reeves, J.); Youngson v. Lusk, 96 F.Supp. 285 (D.Neb.1951) (interpreting Nebraska statute similar to M.S. § 170.55). The difficulty with these decisions is that they equate sufficient service of process under the State long-arm statutes with the "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief" which begins the twenty day period. But the problem here is interpretation of a Federal statute. Questions of the sufficiency of State service are irrelevant. In examining the language and purpose of the Federal statute, it is evident that the twenty day period cannot commence with service on the Commissioner of Highways or other statutory agent for service of process. The requirement is receipt by the "defendant." The defendant's statutory agent is not the defendant. It is the defendant who must make the decision to remove, not the Commissioner of Highways; therefore the defendant should have the benefit of the twenty days. The thrust of the legislative history of § 1446(b) was toward giving a defendant the opportunity to make a decision on removal after examining the complaint. If the twenty days began running when the Commissioner was served, the privilege of a defendant to remove could be easily curtailed or abrogated completely. The instant cases serve as an example. Plaintiffs served the Commissioner on September 25. Eight days later they mailed the summons and complaint to the defendant (under M.S. § 170.55 they had ten days in which to do this). The defendant lives in Saskatchewan, his attorneys in North Dakota, and the Court where the removal petition must be brought is in Minnesota. There was probably a liability insurer involved also. Twelve days leave barely enough time for the four cross-country mailings to be accomplished, let alone allowing time for the decision making required. Every non-resident defendant should be given an equal opportunity to exercise his privilege of trial in a Federal Court. The twenty day period of 28 U.S.C. § 1446(b) should be measured from the date of receipt of the summons and complaint by the defendant,[5] not by the Commissioner of Highways.

The weight of authority and the major text writers interpret § 1446(b) similarly. E. g., Ardison v. Villa, 248 F.2d 226, 227 (10th Cir. 1957) (Murrah, J.) ("The manifest purpose of starting the period for removal from the date of the service of the 'initial pleading' is to enable the defendant to intelligently ascertain removability from the face of such initial pleading * * *."); French v. Banco Nacional De Cuba, 192 F.Supp. 579, 581 (S.D.N.Y.1961) (" * * * the time for removal begins to run from the time defendant actually received a copy of the complaint."); Hall v. Bowman, 171 F. Supp. 454 (E.D.Mo.1959); Mahony v. Witt Ice and Gas Co., 131 F.Supp. 564 (W.D.Mo.1955) (Ridge, J.; Duncan, J., and Whittaker, J., concurring); Durr Drug Co. v. American Surety Co., 126 F.Supp. 815 (M.D.Ala.1954) (holding that Alabama statute requires notice to defendant, therefore twenty day period does not begin to run until defendant has notice); Moon v. Makowski, 114 F.Supp. 914 (S.D.Ohio 1953); 1 A Moore, Federal Practice § 0.168 [3–5] p. 1235 (2d ed. 1961); 1 Barron and Holtzoff, Federal Practice and Procedure § 107, p. 519 (Wright ed. 1960) ("practically desirable and perfectly consistent with the statute"). Cf., Munsey v. Testworth Laboratories, Inc., 227 F.2d 902 (6th Cir. 1955) (per curiam); Potter v. McCauley, supra; Richlin Advertising Corp. v. Central Florida Broadcasting Co., 122 F. Supp. 507 (S.D.N.Y.1954).

Plaintiff argues that the case of Helgeson v. Barz, 89 F.Supp. 429 (D.Minn. 1950) requires that the case be remanded. In Helgeson the Commissioner of Highways was served on December 28, the necessary papers were mailed to the defendant on January 2, and were received January 5. The petition for re-

---

5. The use of registered mail would definitely set day 1 of the 20 day period.

moval to the Federal Court was filed on January 23. The Court held:

> "When the Commissioner of Highways was served herein he was acting as the designated agent of defendants for that express purpose, *and when he was served and the affidavit of service forwarded by plaintiffs as required by the statute*, the twenty-day period began to run. That period had expired prior to the filing of the petition for removal herein." (Emphasis added.) 89 F. Supp. at 432.

It was unnecessary for the Court to decide whether the period began when the Commissioner of Highways was served or when the papers were mailed to the defendant, for the Helgeson removal was not timely under either interpretation. But if the Helgeson opinion is read to start the twenty day period upon mailing to the defendant, then the removal in the instant case is timely even within Helgeson.

The discussion above indicates that either reading of Helgeson is an incorrect interpretation of § 1446(b), and this Court would be less than candid if it attempted to squeeze the instant facts within the unwilling framework of a case with which it disagreed.

The Helgeson Court was concerned that:

> "To adopt defendants' interpretation suggesting that the twenty-day period does not commence to run until the process is in the hands of defendants and read by them, would result in much confusion. Substituted service would be effective on different dates, depending upon the relative nearness or remoteness of the states wherein the different defendants may reside." 89 F.Supp. at 431.

That this concern does not square with the wording of § 1446(b) has been commented on:

> "We think this reasoning does not accord with the wording of the removal statute. The removal statute fixes the beginning of removal time from receipt by the defendant of service." Hulen, J., in Welker v. Hefner, 97 F.Supp. 630, 631 (W.D. Mo.1951).

The instant holding furthers the uniformity which the Helgeson Court thought basic to the statute to the same degree as the Helgeson approach. There are three possible points when the twenty day period can commence. First, the day the defendant actually receives the complaint where State law requires that it be sent to him. This is the situation under M.S. § 170.55. Second, the day the complaint is made available to the defendant where it is not required that the complaint be sent to the defendant along with the summons. The availability would generally arise from a requirement that the complaint be filed in Court. See Raymonds Inc. v. New Amsterdam Casualty Co., supra. Third, on the day of filing where there is no State requirement that the complaint be sent or made available to the defendant. See note 4, supra. Thus the twenty day period is uniform for each of the broad classes of State procedure.