Collene ISBELL, Plaintiff,

v.

Sewall M. OSGOOD, Defendant.

No. 5701.

United States District Court
E. D. Oklahoma.

Oct. 20, 1964.

Stipe, Gossett & Stipe, McAlester, Okl., for plaintiff.

James W. Shepherd, Foliart, Shepherd & McPherren, Oklahoma City, Okl., for defendant.

BOHANON, District Judge.

This is a diversity action involving an automobile accident removed from the District Court of Pittsburg County, Oklahoma. The plaintiff was and is a citizen of the State of Oklahoma, and the defendant a citizen of the State of Illinois. Service of process on the defendant was had by serving the Secretary of State of Oklahoma under the provisions of the Non-Resident Motorist Act of the State, Title 47 O.S. § 391 et seq. The Oklahoma Act makes the Secretary of State the lawful attorney for non-resident motorists, and upon whom may be served all summons or original notices of suits pertaining to actions. 47 O.S. § 391. The Act further provides, Title 47, § 394, for the mailing to the defendant or defendants within fifteen days after filing of summons or notice with the Secretary of State by registered mail, with return receipt requested, at his last known place of residence or abode, a notification of said filing with the Secretary of State.

Proper service was had upon the defendant under the Oklahoma Statutes. The precise question before this Court is when does the twenty-day period begin to run for removal by the non-resident defendant under 28 U.S.C.A. § 1446(b). If the twenty days begins to run from the date of service upon the Secretary of State of original summons, then the time for removal had expired. On the other hand, if the twenty days began to run from the date after receipt by the defendant, through service or otherwise, of a copy of the original pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after actual receipt of the summons or notice of suit upon the defendant, if such initial pleading has been filed in Court and is not required to be served on the defendant by State law, whichever period is shorter.

In this case, suit was filed in the District Court of Pittsburg County on August 18, 1964. Notice of the suit as provided by the Oklahoma statute was served upon the Secretary of State August 19, 1964, and accepted by the Secretary of State. The plaintiff, as required by the Oklahoma law, mailed notice of suit by registered mail, addressed to the defend-

ant at his last known place of residence or abode. This notice was mailed from McAlester, Oklahoma, the County Seat of Pittsburg County, on August 20, 1964, as shown by Exhibit A attached to defendant's Brief in response to plaintiff's Motion to Remand. Exhibit A is a photocopy of the envelope of plaintiff's attorneys and reflects that it was mailed to the defendant at 425 West Madison Avenue, Wheaton, Illinois, which it is evidently admitted was his regular place of abode or residence. The envelope shows that notice of suit was received and accepted by the defendant September 14, 1964. Attached to plaintiff's Motion to Remand is part of a post office form which recites "delivery on 8/22/64" to the defendant. The return receipt shows it was mailed by the postal department from Dallas, Texas, on September 14, 1964. The record conclusively shows from the envelope, Exhibit A attached to defendant's Motion, that the notice of suit was not delivered to the defendant on 8/22/64. The envelope shows that the first notice was delivered to defendant's home on that date and a second notice delivered to defendant's home on 8/26/64. Thereafter the notice was sent to Dallas, Texas, and the return receipt from Dallas, Texas, shows that it was returned to plaintiff's attorneys September 14, 1964. Thus the defendant having received the notice September 14, 1964, as this Court holds, had twenty days thereafter to perfect removal proceedings, and these proceedings were perfected and filed in the United States District Court for the Eastern District of Oklahoma, the proper Court, on October 1, 1964, less than the twenty days required under 28 U.S.C.A. § 1446(b).

This construction of 28 U.S.C.A. § 1446 (b) is in harmony with most of the adjudicated cases. There existed some confusion by the decisions arising in Missouri. See Bohn v. Lester, D.C., 102 F. Supp. 261, and Heston v. Horton, D.C., 115 F.Supp. 13. However, the earlier decision in Welker v. Hefner, D.C., 97 F.Supp. 630, supporting removal time to commence upon the actual receipt by the

defendant of the notice of suit, was readopted, and Bohn and Heston were put to rest by Mahony v. Witt Ice and Gas Company, D.C., 131 F.Supp. 564, and Barr v. Hunter, D.C., 209 F.Supp. 476. Mahony was cited with approval in Ardison v. Villa (10 Cir.), 248 F.2d 226. See also Benson v. Bradley (D.C.Minn.), 223 F.Supp. 669.

The Motion of the plaintiff to Remand will be denied.