**Mrs. Iris BARBER, Plaintiff,**

v.

**Phillip Henry WILLIS and Jack Johnson, Defendant.**

**Civ. A. No. 1623.**

United States District Court
N. D. Georgia,
Rome Division.

Oct. 27, 1965.

Mundy & Gammage, Cedartown, Ga., for plaintiff.

Oscar M. Smith of Matthews, Maddox, Walton & Smith, Rome, Ga., for defendants.

SIDNEY O. SMITH, Jr., District Judge.

This is a suit originally brought in State Court in which jurisdiction was acquired over non-resident defendants through service on the Secertary of State of Georgia on November 13, 1964, pursuant to Georgia Code Ann., § 68–801. Return receipts were received from defendant Phillip Henry Willis dated November 27, 1964, and from defendant Jack Johnson's wife on November 16, 1964. In an uncontested sworn affidavit, defendant Jack Johnson stated he did not have knowledge of the plaintiff's process and petition until he returned to his home from a business trip on November 22, 1964.

On December 10, 1964, the case was removed to this court. Plaintiff now

moves to remand this case to the state court on the ground that the 20 day limit within which a suit is to be removed under 28 U.S.C.A. § 1446 begins either at the date of service on the defendant's statutory agent for service of process, or at the date of service on defendant's wife at defendant's residence. If either of these is the proper date, defendant Johnson's motion to remove was not timely filed. However, if the proper date at which the 20 day period begins to run is the date of actual receipt by defendant Johnson, the removal was timely, and plaintiff's motion to remand should be denied.

28 U.S.C.A. § 1446(b), setting out the procedure for removal, provides:

"The petition for removal of a civil action or proceeding shall be filed within twenty days after the *receipt* by the *defendant,* through service or *otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, * *."

The legislative history of this section was discussed in Benson v. Bradley (D. Minn., 1963), 223 F.Supp. 669, 671:

"The statute provides that the petition shall be filed within twenty days *'after the receipt by the defendant'* of a copy of the pleading setting out the claim. The House Report accompanying the bill says that '[t]he first paragraph of the amendment to subsection (b) * * [provides] that the petition for removal need not be filed until 20 days after the defendant *has received* a copy of the plaintiff's initial pleading.' (Emphasis added.) 2 U.S. Code Congr.Serv. 1268 (1949). Thus both the text of the statute and its legislative history emphasize that the twenty day period begins when the defendant receives a copy of the complaint. This conforms to the policy of the statute which effects a balance between the defendant's right to remove and the requirement that this decision be made promptly. The defendant is given twenty days in which to make this decision. * * * A section drafted to avoid placing a 'defendant in the position of having to take steps to remove a suit to Federal court before he knows what the suit is about' must be construed to avoid requiring a defendant to remove a suit to Federal Court before he even knows there is a lawsuit."

■ Therefore, where statutory service of process is made on the defendant through service on the Secretary of State, under the Georgia Non-Resident Motorist statute, Georgia Code Ann. § 68–801, the time for removal does not run as of the date of the statutory service on the Secretary of State of Georgia, but as of the time when the defendant actually receives a copy of the initial pleading. As stated by the Court in Mahoney v. Witt Ice and Gas Company (W.D.Mo.1955), 131 F.Supp. 564 at 568:

"[6] To our mind, the statute is clear and unequivocal in providing that the 20 days is to run from the *receipt* by the *defendant,* through service *or otherwise,* of a copy of the initial pleading. It does not say that the period is to run from 'service' on the defendant, or from 'notice' to the defendant, or from service on the defendant 'or his statutory agent.' We believe that when the statute provides that the 20 days are to run from the receipt of a copy of the pleading by the defendant it means just that and we can see no reason for holding otherwise. Receipt by the statutory agent is not receipt by the defendant by any stretch of the judicial imagination. It is the defendant, and not the Secretary of the State of Missouri, who has to decide within the prescribed time whether he desires and has grounds for removal. We, therefore, can only conclude that the 20-day period prescribed by Section 1446(b) runs from actual receipt of the initial pleading by a non-resident motorist, and not from time of service on the Secretary of State who is a mere

statutory agent with no duty to perform with respect to service upon him, other than to forward the process to the non-resident defendant."

The overwhelming majority of cases support this view. Isbell v. Osgood (E.D.Okl., 1964), 234 F.Supp. 602. (Time runs from actual receipt, not service under non-resident motorist statute); French v. Banco Nacional De Cuba (S.D. N.Y., 1961), 192 F.Supp. 579 (Service by publication); Hall v. Bowman (E.D. Mo., 1959), 171 F.Supp. 454 (Service on Secretary of State); Rodriquez v. Hearty (S.D.Tex., 1954), 121 F.Supp. 125 (non-resident motorist statute); Durr Drug Co. v. American Surety Co. of New York (M.D.Ala., 1954), 126 F.Supp. 815, (Service on State Superintendent of Insurance); Welker v. Hefner (E.D.Mo., 1951), 97 F.Supp. 630 (Non-resident motorist statute).

Here, although a copy of the initial pleading was received by defendant's wife on November 16, 1964, the defendant was out of town at the time and had no actual knowledge of the lawsuit until November 22, 1964. The theory behind the 20 day removal period dictates that the period should run from the time when defendant actually receives a copy of plaintiff's petition so defendant may decide whether the suit is removable.

In the absence of a showing of "bad faith" (See Mull v. Taylor, 68 Ga.App. 663, 23 S.E.2d 595; Stone v. Sinkfield, 70 Ga.App. 787 at 790, 29 S.E.2d 310) or "unexcusable neglect", there is no reason the same philosophy should not apply to the instant case. The legislative trend is to give more time for decision, not less as is indicated by the recent act granting 30 days instead of 20 for removal. 79 U.S.Stat. 887 (September 29, 1965).

■■ Therefore, where, as here, defendant has no knowledge of the lawsuit, the receipt by his wife of a copy of the initial pleading and process on November 16, 1964, does not constitute receipt by defendant for the purpose of removal, and the 20 day period begins to run when defendant actually received the copy of plaintiff's petition upon his return home on November 22, 1964. Thus, the motion to remove was timely filed, and the plaintiff's motion to remand is dismissed.

It is so ordered.