**Dennis Leroy FARRIS, Plaintiff,**

v.

**Kenneth YOUNGBLOOD, Administrator and Personal Representative of the Estate of Clifton P. Willimon, Deceased, Defendant.**

Civ. A. No. 1933.

United States District Court
E. D. Tennessee,
Northeastern Division.

Nov. 12, 1965.

David S. Haynes, Bristol, Tenn., for plaintiff.

Ernest F. Smith, Kingsport, Tenn., for defendant.

NEESE, District Judge.

This is an action for damages. The plaintiff is a citizen of Tennessee, and the defendant-administrator is a citizen of North Carolina. The action was removed from a state court. 28 U.S.C. §§ 1332(a), 1441(b) and 1446(a), (b), as amended, (d) and (e).

The state action was commenced initially against the defendant's decedent,

Clifton P. Willimon, on April 23, 1965. Afterward, it was discovered that Mr. Willimon had died on July 2, 1964. The action was revived in the state court, T.C.A. § 20–226, and service of process was thereafter undertaken on "John Doe, personal representative" of Mr. Willimon. The documents seeking to constitute substituted service of process in this manner were returned to the Tennessee secretary of state, marked "unclaimed, no Representative Qualified".

After the appointment of the defendant as administrator of the estate of Mr. Willimon by a North Carolina court, substituted service of process was had on the defendant through the Tennessee secretary of state on October 7, 1965. Within the thirty-day period now allowed for the removal of such actions from a state court, 28 U.S.C. § 1446(b), as amended by Public Law 89–215, effective September 29, 1965, the defendant removed this action to this court.

This Court is required to notice its jurisdiction, especially where the jurisdiction of a state court is displaced by removal, and to remand any case improvidently removed without jurisdiction. 28 U.S.C. § 1447(c). The Court is doing this on its own motion. Wells v. Celanese Corporation of America, D.C. Tenn. (1964), 239 F.Supp. 602, 603 [1]; Mansfield C. & L. M. Railway Co. v. Swan (1884), 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462.

The statutes providing for substituted service of process are referred to frequently as "long arm statutes". The time for removal under such statutes is computed from the date the defendant, or an agent appointed by him, actually receives the process, as opposed to the date a statutory agent of the defendant receives the summons. Kurtz v. Harris, D.C.Tex. (1965), 245 F. Supp. 752; Isbell v. Osgood, D.C.Okl. (1964), 234 F.Supp. 602; Benson v. Bradley (1963), 223 F.Supp. 669, 672 [1–3], citing Ardison v. Villa, C.A.10th (1957), 248 F.2d 226, 227. Cf. Boulet v.

Millers Mutual Insurance Assn. of Illinois, D.C.Minn. (1964), 36 F.R.D. 99.

Accordingly, this Court is of the opinion that the removal procedures followed herein invoked properly the jurisdiction of this court.