STATE OF VERMONT

SUPERIOR COURT
Franklin Unit

CIVIL DIVISION
Docket No. 21-CV-594

---

KRISTINA J. POLAK
and
STEPHEN M. POLAK
     Plaintiffs,

v.

FELIPE RAMIREZ-DIAZ
and
YESICA SANCHEZ DE RAMIREZ
     Defendants.

Vermont Superior Court

OCT 27 2021

FILED: Franklin Civil

---

## DECISION ON PLAINTIFFS' MOTION TO RECONSIDER (MOTION 9) AND TO AMEND THE COMPLAINT (MOTION 10)

In an August 17, 2021 decision, the court granted, in part, Defendants' special motion to strike the complaint as a strategic lawsuit against public participation (SLAPP) pursuant to 12 V.S.A. § 1041, Vermont's anti-SLAPP statute.[1] Plaintiffs had brought suit against Defendants asserting defamation and related torts due to alleged statements that Defendants made to police, in court proceedings, and to members of the community. Plaintiffs have filed a motion to reconsider, which they labeled a motion to alter or amend.[2]

"The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Latouche v. North Country Union High School Dist.*, 131 F. Supp. 568, 569 (D.Vt. 2001) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Plaintiffs argue substantially that the speech and petitioning at issue here (1) was not in connection with a public issue, (2) Plaintiffs' claims are not based solely on petitioning activity, and (3) Defendants' petitioning was devoid of any reasonable basis in law or fact. The court declines to analyze this case anew because the arguments Plaintiffs

---

[1] One claim survived the § 1041 motion. It is not currently at issue.

[2] A motion to alter or amend typically refers to a post-judgment Rule 59(e) motion. There has been no entry of final judgment in this case on which to predicate such a motion. While the case remains in an interlocutory phase, however, the court has intrinsic authority to revisit its earlier decisions, typically invoked by a motion for reconsideration. See *Cho v. State*, 168 P.3d 17, 27 (Haw. 2007).

raise on reconsideration are not materially different than those they raised in opposition to the original motion to strike. The court already has ruled on these matters. Plaintiffs present nothing that the court has overlooked.[3] Reconsideration is denied.

Plaintiffs also seek to amend the complaint to include additional allegations of statements made by Defendants to members of the community rather than to the police or in court, ostensibly to overcome the court's determination that most such alleged statements were merely incidental to those made to the police and in court, which were the primary motivation for this strategic litigation by Plaintiffs. Though the court usually grants leave to amend liberally, Plaintiffs' motion is denied for two reasons. First, the amended pleading would fare no differently than the prior one did. Amendment therefore is futile. See *Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 313 (1982). Moreover, however, granting an anti-SLAPP motion, but then permitting the plaintiff to attempt to plead around the statute, subjecting Defendants to yet more litigation, surely undermines the spirit, if not the letter, of § 1041.

## Order

For the foregoing reasons, Plaintiffs' motion to reconsider and motion to amend the complaint both are denied.

Electronically signed on 10/26/2021 1:18 PM, pursuant to V.R.E.F. 9(d)

_____
Robert A. Mello
Superior Judge

Vermont Superior Court

OCT 27 2021

FILED: Franklin Civil

---

[3] The court hastens to add that, to the extent that Plaintiffs' arguments may reflect any consideration of the constitutionality of § 1041, Plaintiffs never raised any constitutional issues in opposition to the motion to strike, and it is too late now to do so.