**DURR DRUG COMPANY, Plaintiff,**
v.
**The AMERICAN SURETY COMPANY OF NEW YORK, Defendant.**

**Civ. No. 1039–N.**

United States District Court,
M. D. Alabama, N. D.

Dec. 29, 1954.

Rushton, Stakely & Johnston, Montgomery, Ala., for plaintiff.

Steiner, Crum & Baker, Montgomery, Ala., for defendant.

CHARLES B. KENNAMER, District Judge.

This case, originally filed in the circuit court of Montgomery County, Alabama, was, by proper statutory procedure, removed to this court by the defendant, a citizen of the state of New York. The plaintiff filed a motion to remand the case to the state circuit court. It is now before this court on the motion to remand.

A copy of the summons and complaint out of the state circuit court of Montgomery County, Alabama were served on the Alabama Superintendent of Insurance on November 2, as provided by Alabama statute. The summons and complaint were received by the defendant at its Home Office in New York on November 5. The petition for removal to this court was

filed in this court on November 23. The removal petition was, therefore, filed in this court 21 days from the date of service on the Alabama Superintendent of Insurance. It was filed in this court 17 days from the date of receipt of the summons and complaint by the defendant at its Home Office in New York.

The sole issue made by the motion to remand is whether the 20-day period within which a petition for removal must be filed in this court begins to run from the date of service on the Alabama Superintendent of Insurance, as contended by the plaintiff, or from the time when the summons and complaint were received by the defendant after being transmitted to it by the Alabama Superintendent of Insurance, as contended by the defendant.

The applicable statute is Section 65 of Title 28, Code of Alabama of 1940, which is as follows:

"An insurance company shall, by a duly executed instrument filed in the office of the secretary of state, constitute and appoint the superintendent of insurance or his successor, its true and lawful attorney, upon whom all lawful process in any action or legal proceeding against it may be served, and therein shall agree that any lawful process against it which may be served upon its said attorney, shall be of the same force and validity as if served on the company, and that the authority thereof shall continue in force irrevocably as long as any liability of the company remains outstanding in this state. Any process issued by any court of record in this state, and served upon such superintendent by the proper officer of the county in which said superintendent may have his office, shall be deemed a sufficient service of process on said company; and the superintendent of insurance shall promptly after such service of process by any claimant, forward by registered mail an exact copy of such notice to the company. All such process shall be issued in triplicate, and one of the copies shall be kept on file in the office of the superintendent of insurance."

The statutory authority for service upon the superintendent of insurance contains this verbage: "and the superintendent of insurance shall promptly after such service of process by any claimant, forward by registered mail an exact copy of such notice to the company." Why was such a requirement placed in the statute? If service of process was complete when handed to the superintendent of insurance, as contended by the plaintiff, then that part of the statute which requires notice to the company is meaningless and of no effect.

At first blush this court was of the opinion the service of process on the superintendent of insurance was all that was needed to give such service the same force and validity as if served on the company itself, but further study convinces the court that to fully comply with the statute and to meet the requirements of due process, there must also be notice to the company. Barron & Holtzoff in Federal Practice and Procedure, Volume 1, page 318, states it thusly:

"Rule 4(d) (7) [Fed.Rules Civ. Proc. 28 U.S.C.A.] authorizes service in the manner prescribed by any statute of the United States or by the law of the state in which service is made. Consequently it would seem unnecessary and illogical to attempt service of process by mere delivery of papers to an agent whose authority is derived entirely from a state statute, especially where such statute, to meet the requirements of due process, provides additional procedure for bringing notice home to the defendant. Less than substantial compliance with the state's procedural conditions could hardly constitute service."

If due process requires notice to the defendant before service of process is complete on an agent whose authority is derived from a state statute, then the 20-day period within which a petition for removal must be filed in this court does

not begin to run until the due process requirement has been met, and that would be when the Alabama statute had been fully complied with by "bringing notice home to the defendant."

This court is of the opinion the plaintiff's motion to remand should be denied, and it is so ordered.