Mildred ALLISON

v.

MONTGOMERY WARD & CO., Incorporated.

Civ. A. No. 1836.

United States District Court
D. New Hampshire.
Dec. 18, 1957.

Fisher, Parsons & Moran, Lewis J. Fisher, Dover, N. H., for plaintiff.

Burns, Calderwood, Bryant & Hinchey, Stanley M. Burns, Dover, N. H., for defendant.

CONNOR, District Judge.

On September 3, 1957, plaintiff commenced a state court action in the Superior Court of New Hampshire for the county of Strafford when a writ with declaration attached was served in hand on the manager of defendant's Dover, New Hampshire store. Plaintiff sought damages for injuries suffered in a fall in that store. The manager forwarded the papers to Chicago and they were received by defendant's home office there on September 5, 1957. Defendant filed a petition for removal in this court on September 24, 1957. Plaintiff now moves to remand the action to the state court on the ground that the petition for removal was not filed within twenty days after receipt of the pleading.

The issue presented is whether the words "receipt by the defendant," as used in Title 28 U.S.C. section 1446 (b)[1] mean, when applied to this case, receipt by defendant's Dover manager or receipt by defendant's home office in Chicago.

I conclude that the former interpretation reflects the legislative intent to provide for more effective judicial administration.

Receipt of the pleading by the Dover manager is in effect receipt by the defendant itself. In order to obtain a valid service on a non-resident corporation doing business in this state, the New Hampshire statute, RSA 510:14, merely requires service in this state on an agent, overseer or other person having the care of any of the business of the corporation, such as the Dover manager. See Taylor v. Klenzade Products Inc., 1952, 97 N.H. 517, 92 A.2d 910. No further steps are

---

1. § 1446(b). "The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based * * *."

necessary. In order to achieve the uniformity and clarity intended by section 1446(b), I adopt the sharply defined criterion of the state corporation service statute above cited. The application requested by defendant would result in difficulties as to just exactly who or what a corporate defendant is. It may or may not be the home office. If further justification for the interpretation here approved is needed, I cite the time-honored maxim that notice to an agent is notice to his principal.

In cases such as this, where a foreign corporation does business in the state and the cause of action arises in the state, due process permits that service be made on a responsible agent. So long as it is reasonably likely that the agent will forward the papers to its home office, there is no constitutional requirement that the papers be so forwarded. See Henry L. Doherty & Co. v. Goodman, 1935, 294 U.S. 623, 55 S.Ct. 553, 79 L.Ed. 1097, in which the court upheld a state service statute providing for service on a resident agent, with no provision for forwarding to the principal. See also Restatement, Judgments, section 30, *Comment e.*

Cases referred to by the defendant are clearly distinguishable. In Mahony v. Witt Ice & Gas Co., D.C.Mo.1955, 131 F.Supp. 564, the court held that in an action against a non-resident motorist, the twenty day period ran from actual receipt of the initial pleading by the motorist and not from the time of service on the Secretary of State. Similarly, in Durr Drug Company v. American Surety Company of New York, D.C.Ala.1954, 126 F.Supp. 815, the twenty day period ran when the defendant insurance company received the pleading from its superintendent, and not when the superintendent himself received the papers. In these two cases, the state service statutes required the Secretary of State to notify the motorist, and the superintendent to notify his superior, respectively. These formalities are not prescribed by the New Hampshire statute cited; service pursuant to its terms on an agent or

manager is sufficient, especially where the cause of action, as here, arises in the state.

The petition for removal having been filed more than twenty days after receipt by the defendant of the pleading, the motion to remand is granted.