AUTOMATIC MERCHANDISING CORPORATION

v.

Dominic J. ZENGA et al.

Civ. A. No. 58–132.

United States District Court
D. Massachusetts.

Feb. 24, 1958.

Nutter, McClennen & Fish, John J. Delaney, Jr., John A. Canavan, Boston, Mass., for plaintiff.

Grant, Angoff, Goldman, & Manning, Albert L. Goldman, James McConnell Harkless, Boston, Mass., for defendant.

WYZANSKI, District Judge.

Plaintiff has moved to remand to the Superior Court of Massachusetts a civil action which defendant Zenga removed under the purported authority of 28 U.S.C. § 1446. The only question which needs to be considered is whether defendant has made a timely removal, or, more narrowly, whether Zenga filed in this Court his petition for removal "within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

The text of 28 U.S.C. § 1446(b) as it now stands, following the amendment in § 83 of the Act of May 24, 1949, c. 139, 63 Stat. 101, reads:

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first be ascertained that the case is one which is or has become removable."

Pursuant to Mass. G.L.(Ter.Ed.) c. 246 § 1, plaintiff began this action in the Superior Court for Suffolk County by trustee process writs dated December 18, 1957. In accordance with that statute, plaintiff's counsel applied to a judge of that court for his approval of sureties on a bond so that the trustee process writs might be served. Plaintiff's counsel exhibited to the state judge not only the writs and the bond but also a copy of the complaint. The judge approved the bond. Plaintiff's counsel gave the sheriff the writs, showing the judge's approval of the bond, together with the complaint. The sheriff served a trustee writ on, among others, The National Shawmut Bank which had on deposit funds in the name of Zenga, who was named a defendant, and who is secretary treasurer of Local 841.

The bank notified Zenga. He does not recall whether he informed his fellow defendant Fitzgerald who is the recording secretary and a business agent of Local 841. However, from the facts in the next paragraph I infer that Zenga not only informed Fitzgerald but authorized him to act for Zenga in procuring a copy of the complaint.

Fitzgerald telephoned Matthew L. McGrath, Esq., a Boston lawyer who had represented Local 841 in matters before the State Labor Relations Commission, and asked him to find out what the trustee writs were "all about." December 26, 1957 McGrath's secretary procured from plaintiff's counsel a copy of the complaint and sent it to Zenga who received it and at least leafed through it before the end of December 1957.

Zenga filed his petition for removal to this Court on January 31, 1958.

■■ I find as a fact, and rule as a matter of law, that Zenga authorized McGrath's secretary to accept as his agent service of the complaint on December 26, 1957. I also find that Zenga personally received the complaint in December 1957. Each date being more than twenty days before Zenga filed his petition for removal, his petition is untimely and the motion to remand must be granted.

Defendant's strained argument to avoid this conclusion hardly merits reply. The suggestion is that as of December 1957 the complaint then in the hands of Zenga was not within the words of the

removal statute an "initial pleading." Zenga admits that the paper he had in December is in *ipsissima verba* as the complaint attached to his January petition for removal. But Zenga says that as of December he could not know that this same complaint would ever be filed in the Massachusetts State Court, and that under state practice, as described in Mass. G.L.(Ter.Ed.) c. 214, § 7, c. 231, § 12, and c. 246, § 1, plaintiff had no need to file the complaint in advance of the so-called return day of the writ, which in this case was February 3, 1958.

To this argument there are many answers, but two will suffice. First, in December 1957 Zenga was actually served with a complaint at his own request. Under Massachusetts law actual service of a pleading on a defendant is as effective in beginning an action as lodging the pleading with the court on the return day of the writ. Second, even if he had not been "served" under Massachusetts law, the complaint which he received is the one that he has sought to remove; it is not amended or altered in any way. Moreover, he filed his petition to remove that complaint three days before the return day in Massachusetts, so that it is plain that he treated the complaint as the initial pleading, and that this is the only basis he has for claiming he made a seasonable removal.

Motion to remand granted.