Roger **GOBET** and his wife, Gilberte Letendre Gobet, Plaintiffs,

v.

**INTERCONTINENTAL HOTELS CORP.** (PONCE) doing business as Ponce Intercontinental Hotel, Defendant.

Civ. No. 58-60.

United States District Court
D. Puerto Rico,
San Juan Division.

June 7, 1960.

**172**

Hector Lugo Bougal and Carlos J. Irizarry Yunque, Ponce, P. R., for plaintiffs.

Hartzell, Fernandez & Novas, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

This action was originally filed in the Superior Court of Puerto Rico, Ponce Part. Under the allegations of the complaint no diversity of citizenship appears to exist between the plaintiff and the defendant.

The summons was served on the defendant, through its resident agent James R. Beverley on February 24, 1960.

On March 7, 1960 defendant filed in this court its petition for removal, removal bond and all other papers required for effecting a removal of the action to this court.

In its petition for removal defendant among other facts alleged the following:

"1. The above captioned action has been brought in the Superior Court of Puerto Rico, Ponce Section, *by the service of a summons and complaint* on Petitioner on the 24th day of February, 1960, and is now pending therein.

\*    \*    \*    \*    \*    \*

"5. That it is believed that plaintiffs at all relevant times were not citizens of the Commonwealth of Puerto Rico.

"6. That Petitioner is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico *with its principal place of business located at Ponce Intercontinental Hotel, Ponce, Puerto Rico,* and was at all relevant times a citizen of the Commonwealth of Puerto Rico." (Emphasis supplied.)

Thereafter, on March 15, 1960, defendant filed in this court its answer to the complaint in which it admitted so much of paragraph 1 thereof as alleges that "Defendant is a corporation organized under the laws of the Commonwealth of Puerto Rico and *operates a hotel located in the city of Ponce, Puerto Rico,* known as "El Ponce Intercontinental Hotel." (Emphasis supplied.)

In the caption of all the pleadings in this action the defendant is designated as follows:

"Intercontinental Hotel Corporation (Ponce) *doing business* as Ponce Intercontinental Hotel." (Emphasis supplied.)

Plaintiffs then filed on March 15, 1960 their petition for remand, invoking Sec. 1441(b), Title 28 U.S.C.A. under the last sentence of which, an action in which the defendant is a citizen of the State in which such action is brought is not removable to the federal court.

The petition for removal herein having been filed by a defendant which, according to the petition and to all the other pleadings filed, is a citizen of the Commonwealth of Puerto Rico, the action was not removable to this court even if the plaintiffs were non-residents of the Commonwealth of Puerto Rico, as defendant alleges, in paragraph 5 of its petition for removal, to be its belief.

However, before plaintiffs' petition for remand could come up for a hearing, defendant filed on March 17, 1960 a motion entitled "First Amended Petition for Removal" in which it sought to amend its original petition for removal by substituting for Par. 6 thereof a new paragraph reading as follows:

"That petitioner is a corporation organized and existing under the laws of the State of Delaware, and was at all relevant times a citizen of the State of Delaware".

All other allegations of the original petition for removal were repeated and realleged by reference in the amendatory petition, to the same effect as if they had been fully set forth therein.

This amended petition was filed more than 20 days after the admitted date of service of the summons.

Moreover, as defendant is a corporation which under U.S.C.A. Title 28, Sec. 1332(c) may be a citizen of two different states, i. e. (a) that in which it was incorporated, (b) that where it has its principal place of business; the amended petition also failed to allege whether the defendant has its principal place of business elsewhere than in the Commonwealth of Puerto Rico.

The plaintiffs then filed a "Motion Complementary to Petition for Remand" in which they raise the following additional grounds in support of the remand:

(a) That from the original petition for removal it appeared that the court did not have jurisdiction of the action.

(b) That the first amended petition for removal was untimely filed.

(c) That even if said amended petition had been timely filed, it is insufficient to support the removal of the action to this court because defendant corporation has failed to allege in it that its principal place of business is somewhere else than in Puerto Rico.

A hearing on plaintiffs' petition for remand was held on April 8, 1960. Argument of counsel was heard and counsel requested a period of 10 days to file memoranda in support of their respective positions.

Thereafter, defendants produced an affidavit dated April 29, 1960 of their attorney Robert R. Rout to the effect that although the summons and the complaint were served on defendant's resident agent on February 24, 1960, the defendant did not receive the same until February 26, 1960, and that, therefore, the first amended petition for removal had been timely filed.

After giving due consideration to the pleadings and memoranda filed by the parties, the court is now duly advised in the premises.

## I

The Original Petition for Removal.

There is no doubt that said petition failed to show this Court's jurisdiction over the action.

In it, the defendant corporation requesting the removal, is expressly alleged to be a citizen of the Commonwealth of Puerto Rico and the action, therefore, was not removable, by it, to this court pursuant to the last sentence of Sec. 1441(b), Title 28 U.S.C.A.

## II

The First Amended Petition for Removal.

(a) This amended petition was filed 22 days after the admitted service of the summons and complaint on defendants' resident agent.

Defendant contends that the time to petition for the removal started to run not on February 24, 1960 when the summons and the complaint were admittedly served upon and received by its resident agent Mr. James R. Beverley, but on February 26, 1960 when, according to Mr. Rout's affidavit of April 29, 1960 mentioned supra, it actually received said papers from said resident agent.

The cases cited by defendant in support of this proposition are inapplicable here. Mahony v. Witt Ice & Gas Co., D.C., 131 F.Supp. 564 and Hall v. Bowman, D.C., 171 F.Supp. 454, are cases where nonresident defendants did not have an agent within the state upon whom service could be made and a substituted service of the summons and complaint were made on the Secretary of State, pursuant to local statutes which permitted this procedure. Markantonatos v. Maryland Drydock Co., D.C., 110 F.Supp. 862 is a case where the original service was incomplete: the summons was firstly served on July 9, 1952, but the copy of the complaint was served on defendant, by mail, on August 26 and received by it on August 27, 1952. As Sec. 1446(b), Title 28 U.S.C.A. requires that the removal papers be

**174**

filed "within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting forth the claim for relief" etc., the court in the last case cited properly held that the period started to run when the "initial pleading", the complaint, was served upon and received by the defendant.

The situation here is different.

Sec. 301 of the General Corporation Law of Puerto Rico (T. 14 L.P.R.A. Cumulative Supplement, Sec. 1301) provides that "*every corporation* shall maintain a principal office or place of business in this Commonwealth and shall have a *resident agent* in charge thereof, who may be an officer of the corporation or a natural or juridical person, resident of, or located in this Commonwealth on *whom service of legal process against the corporation may be made.*" (Emphasis supplied.)

■ Mr. James R. Beverley, on whom the service of the summons and complaint herein was admittedly made on February 24, 1960, was defendant's duly designated resident agent under the aforesaid provision of the local corporation law, and service on him and the receipt by him of said papers was service on and receipt of such papers by the defendant corporation. See Allison v. Montgomery Ward & Co., D.C.N.H., 159 F.Supp. 550. See also Automatic Merchandising Corp. v. Zenga, D.C.Mass., 159 F.Supp. 489.

I conclude, therefore, that the twenty days period to remove began to run on February 24, 1960 when Mr. Beverley as resident agent, was admittedly served and received the summons and complaint.

As the Amended Petition for Removal was filed in the Clerk's Office of this Court on March 17, 1960, i. e. twenty-two days after said date of service to and receipt by Mr. Beverley of the summons and complaint, it was therefore, untimely filed. See Carmen Reyes Chicano v. Eduardo Mendez Gonzalez et al., Civil 67–59 of this Court, opinion of September 9, 1959 (unreported) and cases cited therein.

(b) Even if the First Amended Petition for Removal had been timely filed the same fails to show defendant's right to remove the action to this Court or this Court's jurisdiction of the action.

■ Under Sec. 1332(c), Title 28 U.S.C.A., for the purposes of said Section and of Sec. 1441, Title 28 U.S.C.A. (*the removability Section*) a corporation shall be deemed to be a citizen not only of the state of its incorporation *but also* of the state where it has its principal place of business.

The Commonwealth of Puerto Rico is included in the term "States" as used in said section. See subsection (d) thereof.

Although in the First Amended Petition for Removal, it is alleged that the defendant corporation is one organized and existing under the laws of the State of Delaware and a citizen thereof, nowhere in said petition is it alleged that its principal place of business is also located in Delaware or somewhere else outside the Commonwealth of Puerto Rico.

Moreover, from the pleadings (see Compl.Par. 1, and Answer Par. 2; see also the description of the defendant in the caption of all the pleadings), it appears that defendant has its principal place of business in the Commonwealth of Puerto Rico. Indeed in Par. 6 of its original petition for removal it alleged that its principal place of business is located at Ponce Intercontinental Hotel, Ponce, Puerto Rico. Although the whole paragraph 6 of the original petition was substituted for the new paragraph 6 of the amended petition, it is significant that in this amended paragraph defendant omitted all mention of its place of doing business.

The failure to allege the place where it has its principal place of business makes the amended petition fatally defective and insufficient to establish this court's jurisdiction over the action. See

Browne v. Hartford Fire Ins. Co., D.C. N.D.Ill., 168 F.Supp. 796.

The petition to remand must be granted.

It is so ordered.