Saul COOPERMAN, Commissioner of Education of State of New Jersey, Plaintiff,

v.

BOARD OF EDUCATION OF HILLSIDE TOWNSHIP, UNION COUNTY, James E. Clark, Arthur A. Cutillo, Daniel Farrell, William L. Hicks, Mildred C. Karlik, Robert Maffiore, Gennaro Messano, Catherine Pease, and Franklin E. Woodruff, individually and in their official capacity as members of the Board of Education of the Township of Hillside, Defendants.

Civ. 83–160.

United States District Court, D. New Jersey.

Jan. 21, 1983.

Irwin I. Kimmelman, Atty. Gen. of New Jersey by Eugene Sullivan and Jaynee La-Vecchia, Deputy Attys. Gen., Trenton, for plaintiff.

Klatsky & Dowd by William F. Dowd, Red Bank, for defendants.

## OPINION

BIUNNO, Senior District Judge.

This suit, originally filed in Superior Court of New Jersey, Law Division, Union County, Docket L–20598–82, was removed to this court by petition for removal filed here January 17, 1983 at 12:15 P.M., along with notice of removal and bond. Fifteen minutes later the defendants' attorney filed a notice of motion to remand under 28 U.S.C. § 1447(c), or to dismiss the petition under 28 U.S.C. § 1446.

After reviewing the papers the court heard argument from both sides and after deliberation entered an order for remand under 28 U.S.C. § 1447(c), with jurisdiction retained only for the purpose of articulating reasons. This was done because a Superior Court hearing was scheduled for the next day at 2 PM and so the remand had to be ordered without delay.

The practice of entering an order as soon as a matter is decided, and filing an opinion later is well established in situations where time is important. See, for example, *Mesarosh v. U.S.*, where an order was entered October 10, 1956 (352 U.S. 862, 77 S.Ct. 8, 1 L.Ed.2d 72), and an opinion was rendered November 5, 1956 (352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1); also *Aaron v. Cooper*, in which an order was entered on August 28, 1958 in Special Term (358 U.S. 27, 78 S.Ct. 1397, 3 L.Ed.2d 1), rulings on motions for briefs and other matters were made September 11, 1958 (358 U.S. 28, 78 S.Ct. 1398, 3 L.Ed.2d 2), a disposition on the merits was made per curiam on September 12, 1958 (358 U.S. 28, 78 S.Ct. 1399, 3 L.Ed.2d 3), and a full opinion by the Chief Justice was delivered September 29, 1958 (358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed. 5).

*The earlier litigation.*

The N.J. Commissioner of Education had entered an order to rectify what he found to be a gross racial imbalance in the free public elementary schools of the Township of Hillside, N.J. That order had been appealed to the N.J. State Board of Education, which affirmed.

The Hillside Board then sought judicial review by prerogative writ (certiorari), see *N.J. Const.* Art. 6, sec. 5, par. 4. From the time of the first rules of September 15, 1948, prerogative writ review of the final decision or action of any State Administrative Agency was in the Superior Court, Appellate Division, initiated by "notice of appeal", although that step took the matter into a court from the Executive Branch for the first time. See Rule 3:81–8 (1948). That practice remains the same, N.J. Court Rule R. 2:2–3(a)(2) (1983).

In an unpublished opinion, the Part that heard the matter then ruled that a de facto imbalance invoked the remedial jurisdiction of the Commissioner and the State Board, as a matter of New Jersey law, citing *Booker v. Plainfield, etc.*, 45 N.J. 161, 212 A.2d 1 (1965). That case, while noting that *Brown v. Board of Education*, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954) did not deal with "de facto" segregation, and while noting that federal judges as of 1965 were in disagreement on the matter as a question of federal law, saw no obstacle to dealing with the problem as a matter of State law and policy, which may extend beyond the boundaries of federal law.

The court pointed to *N.J. Const.*, 1947, Art. 1, par. 5, declaring that:

"No person shall * * * be segregated * * * in the public schools because of * * race * *."

It pointed to statutes as far back as N.J.P. L.1881, c. 149 (then NJSA 18:14–2), as well as more recent laws such as N.J.P.L.1949,

c. 11 (then N.J.S.A. 18:25–4 and 5), and decisions of the New Jersey courts.

Thus, the Appellate Division affirmed the State Board and further review was sought by petition to the Supreme Court of New Jersey for certification and by notice of appeal, but both were denied June 8, 1982, see *Herring v. Fenton*, 531 F.Supp. 937 (D.N.J.1981), discussion at pp. 944–945.

Thereafter, various proposals were submitted by the Hillside Board and rejected by the Commissioner on various grounds and the present complaint was filed, seeking to order the Hillside Board to implement a plan selected by the Superior Court from among three plans developed by the N.J. Department of Education.

■ With this background, it is plain that the first adjudication by the Superior Court, Appellate Division is entitled to full faith and credit here under 28 U.S.C. § 1738, see *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). That ruling concluded that the correction of de facto imbalances was called for by State law, a matter no different in principle than what was involved in *Pruneyard Shopping Center v. Robins*, 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980), and *Princeton University v. Schmid*, 455 U.S. 100, 102 S.Ct. 867, 70 L.Ed.2d 855 (1982).

■ There is not, accordingly, any "federal question" to support removal on that account, and the petition for removal does not disclose any diversity of citizenship.

*The present complaint.*

One argument for federal question jurisdiction is that the activity of plaintiff Commissioner in the matter is financed by federal funds, or mostly so, and that such funds may not be used to support the program to correct de facto racial imbalance.

■ It is not necessary to pass on whether there is any validity to this claim because removal must be grounded on that which is in the complaint, not on a matter of defense. A plaintiff filing in State court is "master of his claim" and may limit it to a claim under State law even though he could also have advanced a federal claim that would have supported removal, *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339 (CA 3, 1974), cert. den. 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94.

■ Whatever remedy may be available for unauthorized use of federal funds, it cannot provide a basis for removal here of a complaint limited to State law claims.

This argument, as well, fails to support removal.

*Compliance with removal statute.*

■ The plaintiff has provided and filed the proof of service of the Superior Court complaint and order to show cause. That proof shows delivery of 11 copies of the complaint to the attorney for the defendants in the first lawsuit, who said he was authorized to accept service.

For the purposes of the 30-day requirement of 28 U.S.C. § 1446(b), that receipt by him appears to be sufficient. *Gobet v. Intl. Hotels*, 184 F.Supp. 171 (D.P.R., 1960); *Automatic Merchandising Co. v. Zenga*, 159 F.Supp. 489 (D.Mass., 1958).

■ Defendants argue that under N.J. Court Rule R. 4:4–4(g), service must be made by delivering a copy of the "summons and complaint" personally to the presiding officer, the clerk or the secretary of the Hillside Board. That may be, but the fact is that R. 4:4–6 allows a general appearance or acknowledgement of service by a defendant's attorney. Besides, § 1446(b) starts the calendar running when the complaint is received, by service "or otherwise". Delivery to the attorney, of course, affords defendants the longest possible times for the attorney to take up all aspects involved.

Even were these elements ineffective, the petition asserts that physical delivery of the complaint was on December 15, 1982 when copies were distributed at the Hillside Board meeting. If that be so, the last day to remove was January 14, 1983 and filing on the 17th was too late.

For each and all of the foregoing reasons, the court concludes that the removal was made improvidently and without jurisdiction, 28 U.S.C. § 1447(c), and must be ordered remanded. As with F.R.Civ.P. 12(h)(3), the court may act on its own initiative. The hearing conducted on January 17, 1983 afforded defendants all process due them on the question.