**Michael MASTERS and Elizabeth Masters, husband and wife, Plaintiffs,**

v.

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Defendant.**

**No. 94–138–Civ–T–24(A).**

United States District Court, M.D. Florida, Tampa Division.

July 11, 1994.

Douglas Scott Gregory, Gregory and Spurgin, P.A., Tampa, FL, for Michael Masters and Elizabeth Masters.

Guy Ellington Burnette, Jr., Butler, Burnette & Pappas, Tampa, FL, for Nationwide Mut. Fire Ins. Co.

## ORDER

BUCKLEW, District Judge.

THIS CAUSE is before the Court on Plaintiffs' Motion for Remand (Doc. No. 9). This matter was considered by the United States Magistrate Judge pursuant to a general order of assignment. The Magistrate Judge filed a Report and Recommendation recommending that the motion be granted.

This Court has considered the Report and Recommendation of the Magistrate Judge, the Defendant's Written Objections to Proposed Report and Recommendation (Doc. No. 19), the Plaintiffs' Response to Defendant's Written Objections (Doc. No. 20) and conducted an independent *de novo* review of the file.

The issue presented to the Court is whether Defendant's Notice of Removal was timely filed. Plaintiffs filed their complaint in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida on December 17, 1993. Plaintiffs served the summons and complaint on the Florida Insurance Commissioner and Treasurer who serves as agent for all insurers in the state for service of process on December 17, 1993.[1] (Doc. 8, Plaintiffs' Exhibit A, pg. 4). The Insurance Commissioner and Treasurer mailed the complaint to Nationwide's home office in Columbus, Ohio on December 28, 1993 (Doc. 8, Plaintiffs' Exhibit A, pg. 4). Defendant admits receiving a copy of the complaint on December 28, 1993 (Doc. 10, pg. 9). Defendant filed a Notice of Removal on January 26, 1994, forty days after the Insurance Commissioner and Treasurer was served and twenty-nine days after the Insurance Commissioner and Treasurer mailed the complaint and Nationwide received a copy of the complaint.

Plaintiffs argue that the Notice of Removal was not timely filed, having been filed forty days after service on the Insurance Commis-

---

1. "The Insurance Commissioner and Treasurer or his assistant or deputy or another person in charge of his office is the agent for service of process on all insurers applying for authority to transact insurance in this state, all licensed non resident insurance agents, all non resident disability insurance agents licensed by the Department of Insurance pursuant to s. 626.835, any unauthorized insurer under s. 626.906 or s. 626.-937, domestic reciprocal insurers, fraternal benefit societies under chapter 632, automobile inspection and warranty associations, ambulance service association, and persons required to file statements under s. 628.461." Fl.Stat. § 48.-151(3)

sioner and Treasurer. Defendants argue that the Notice of Removal was timely filed, having been filed within thirty days of their actual receipt of the summons and complaint. The relevant Federal Statute, 28 U.S.C. § 1446(b), reads in part:

> The notice of removal of a civil action or proceeding shall be **filed within thirty days after the receipt by the defendant, through service** or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. (emphasis added).

The issue in dispute is the meaning of "shall be filed within thirty days after the receipt by the defendant, through service or otherwise". Neither Florida courts nor the Eleventh Circuit appear to have specifically addressed the issue. However, defendant cites two district court cases in support of the argument that the time for the filing of a Notice of Removal does not begin to run until the summons and complaint are received by the defendant after being transmitted by the Insurance Commissioner and Treasurer. *Durr Drug Co. v. The American Surety Co. of New York,* 126 F.Supp. 815 (M.D.Ala.1954) and *Mahony v. Witt Ice and Gas Co.,* 131 F.Supp. 564 (W.D.Mo.1955).

Florida Statute § 48.151(3) provides the statutory authority for service of process on the Insurance Commissioner and Treasurer and states in pertinent part that "the Insurance Commissioner and Treasurer or his assistant or deputy or another person in charge of his office is the agent for service of process on all insurers applying for authority to transact insurance in this state". By doing business in the state, the Defendant has consented to the Insurance Commissioner and Treasurer as its agent for service of process. In addition, Florida Statute § 48.151(1) defines proof of service on the Insurance Commissioner and Treasurer as:

> "a notice accepting the process which shall be issued by the public officer, board, agency or commission promptly after ser-

vice and filed in the court issuing the process. The notice accepting service shall state the date upon which the copy of the process was mailed by the public officer, board, agency or commission to the person being served and the time for pleading prescribed by the rules of procedure shall run from this date."

Notice from the Insurance Commissioner and Treasurer was mailed to the Defendant on December 28, 1993 (Doc. No. 8, Plaintiffs' exhibit A).

Plaintiffs argue in their response (Doc. No. 20) that the determination of when service of process is obtained upon an insurance company must be consistent to give certainty to the legal process. This Court certainly agrees that where possible, there should be consistency. Florida Statute § 48.151(1) defines the time for pleading as running from the date upon which the copy of the process was mailed by the public officer, board, agency or commission to the person being served. In this case that date was December 28, 1993.

Initially, this Court like the Magistrate Judge was of the opinion that service of the summons and complaint on the Insurance Commissioner and Treasurer, the statutory agent, starts the remand period running. However, it seems illogical that delivery to an agent who derives his authority from a state statute is sufficient service when the same state statute provides the additional requirement that the summons and complaint be mailed by the agent to the person being served to start the time for pleading running. See *Durr Drug Co. v. The American Surety Company of New York,* 126 F.Supp. 815, 816 citing Barron & Holzoff in Federal Practice and Procedure, Volume 1, page 318.

The thirty day period within which a Notice of Removal must be filed does not begin to run until after receipt by the Defendant through service and that would be when the summons and complaint was mailed by the Insurance Commissioner and Treasurer to the person being served—Nationwide Mutual Fire Insurance Company.

The Notice of Removal was timely filed. Plaintiffs' Motion to Remand is **denied.**

**DONE and ORDERED.**

## REPORT AND RECOMMENDATION

CHARLES R. WILSON, United States Magistrate Judge.

THIS CAUSE is before the Court on **Plaintiff's Motion For Remand** (doc. 9).[1] The Court has considered the motions and memoranda filed by the parties, and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that **Plaintiff's Motion For Remand** be Granted.

## I. FACTS AND DISCUSSION

Plaintiffs filed their action in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. On December 17, 1993, Plaintiffs served the summons and complaint on the Florida Insurance Commissioner and Treasurer, who serves as an agent for all insurers in the state for service of process. Fl.Stat. § 48.151(3).[2] The Insurance Commissioner and Treasurer mailed the complaint to Nationwide's Home Office in Columbus, Ohio on December 28, 1993. (doc. 8, Plaintiff's exhibit A, p. 4). Inexplicably, Defendant reports that it received the complaint on December 28, 1993, as well. (doc. 10, p. 1). Since it is highly unlikely that a letter mailed in Tallahassee will reach Columbus, Ohio the same day, the Court concludes that it is unknown when Defendant received the complaint. It is known, however, that Defendant filed a Notice of Removal to Opposing Counsel on January 26, 1994, forty days after the Insurance Commissioner and Treasurer was served. (doc. 1 [cumulative], eighth page.).

Plaintiffs contend that Defendant's removal notice was not timely filed and that this case should be remanded to state court. Defendant counters that the Notice of Removal was timely, given a proper reading of the statute.

The crucial statute in this case is 28 U.S.C. § 1446(b) which reads in relevant part:

> The notice of removal of a civil action or proceeding shall be **filed within thirty days after the receipt by the defendant, through service** or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. (emphasis added).

The controversy at hand involves the exact meaning of "receipt by the defendant" in relation to the start of the thirty day filing period for a notice of removal. Most cases in this area seem to debate whether service need be personal to the defendant or merely be properly executed. However, in this case, the propriety of service is not raised. The issue in the case at bar is whether service on the Insurance Commissioner is to be considered service on Defendant.

Defendant contends that what is intended by the statute is that a defendant must have the served documents in hand before the thirty day period begins to run. (doc. 10, p. 3). The logic behind this reading is that a defendant should not be held liable for knowledge of a pleading which the Defendant does not have. In support of this proposition, Defendant cites *Mahony v. Witt Ice and Gas Co.*, 131 F.Supp. 564 (W.D.Mo.1955).

Furthermore, Defendant contends that Defendant did not choose or consent to have the Insurance Commissioner and Treasurer as

---

1. This matter was specifically referred to the undersigned by United States District Judge Susan C. Bucklew.

2. "The Insurance Commissioner and Treasurer or his assistant or deputy or another person in charge of his office is the agent for service of process on all insurers applying for authority to transact insurance in this state, all licensed non- resident insurance agents, all nonresident disability insurance agents licensed by the Department of Insurance pursuant to s. 626.835, any unauthorized insurer under s. 626.906 or s. 626.- 937, domestic reciprocal insurers, fraternal benefit societies under chapter 632, automobile inspections and warranty associations, ambulance service associations, and persons required to file statements under s. 628.461." Fl.Stat. § 48.- 151(3).

its agent. (doc. 10, p. 4). Therefore, Defendant should not be bound by the Insurance Commissioner and Treasurer's actions. The Court does not accept this reasoning for the simple fact that the Florida Statutes clearly designate the Insurance Commissioner and Treasurer as an agent for all insurers in the state. Fla.Stat. § 48.151(3)(2). By choosing to do business in Florida, Defendant was on notice and consented to have the Insurance Commissioner and Treasurer as its agent.

Finally, Defendant cites *Lindley v. DePriest,* 755 F.Supp. 1020 (S.D.Fla.1991), which adopted the "receipt rule." The receipt rule emphasizes the actual physical service rather than technical perfection. In *Lindley,* the plaintiff served a woman who the plaintiff mistakenly thought was an agent of the defendant. Although the service was executed properly, the woman was not connected to the defendant. Thus, the issue of "proper service" versus "actual service" arose. However, *Lindley* did not distinguish between service on a defendant and service on a defendant's statutory agent. Therefore, *Lindley* does not allow for any conclusions to be drawn relevant to the issue at hand.

Defendant admits that Florida courts have not "specifically addressed the issue of constructive service on the statutory agent of a defendant." (doc. 10, p. 3). The Eleventh Circuit has not addressed the issue either; however, *Lindley* does edify when it states that "[i]t is well settled that the removal statute is to be strictly construed against removal and in favor of remand." *Lindley,* 755 F.Supp. at 1021 citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1065 (9th Cir.1979). This echoes *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979), which states "it is axiomatic that ambiguities are generally construed against removal." *see Graves v. Corbin,* 132 U.S. 571, 10 S.Ct. 196, 33 L.Ed. 462 (1890); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872–72, 85 L.Ed. 1214 (1941).

In this vein, Plaintiffs contend the Insurance Commissioner and Treasurer acts as an agent for companies operating in the state. It is the Insurance Commissioner and Treasurer's obligation to act swiftly to inform a company that it has been served. The Plaintiffs fulfill their service obligation by serving the authorized, statutory agent of the company and should not be penalized for any delays by the state in notifying Defendant.

"As a general rule, a complaint is considered received by a corporation when it is received by an agent authorized to accept service of process." *Tech Hills II v. Phoenix Home Life Mutual Ins. Co.,* 5 F.3d 963 (6th Cir.1993). In addition,

> The application requested by the defendant would result in difficulties as to just exactly who or what a corporate defendant is. It may or may not be the home office. If further justification for the interpretation here approved is needed, I cite the time-honored maxim that notice to an agent is notice to his principal. *Allison v. Montgomery Ward & Co.,* 159 F.Supp. 550 (D.N.H.1957).

Here, the courts are not distinguishing between types of agents.[3] Since the Florida Statutes give the Insurance Commissioner and Treasurer explicit authority as an agent to receive service, it follows that receipt by the Commissioner is receipt by the defendant.

Furthermore, Courts have found that "the key to the time for removal is the date of actual or constructive receipt by the defendant of the initial pleading setting forth the removable claim." (emphasis added). *Kerr v. Holland America–Line Westours, Inc.,* 794 F.Supp. 207, 212 (E.D.Mich.1992), citing *Dawson v. Orkin Exterminating,* 736 F.Supp. 1049, 1053 (D.Col.1990) citing *Conticommodity Services v. Stephen Perl,* 663 F.Supp. 27, 30 (N.D.Ill.1987), quoting *French v. Banco Nacional de Cuba,* 192 F.Supp. 579, 580 (S.D.N.Y.1961); see *Tyler v. Prudential Ins. Co. of America,* 524 F.Supp. 1211

---

**3.** There are district court opinions which imply a distinction between statutory agents and resident agents. An example of this is *Gobet v. Intercontinental Hotels Corp.,* 184 F.Supp. 171 (D.P.R. 1960), which ruled that receipt by a resident agent is "receipt" while implying, though not stating outright, that receipt by a statutory agent is not. However, this case turned on lack of diversity of citizenship and never fully explored the theory behind the agent distinction.

(W.D.Pa.1981).[4] Following and elaborating on the notion that receipt by the Commissioner is receipt by the defendant, the constructive service on a statutory agent (Defendant's phrase, doc. 10, p. 3) should be viewed as the point at which the remand period begin to run.

The Court tends toward a finding that service on the statutory agent starts the remand period running. However, since there is no definitive interpretation of this particular portion of the statute, the statute is still ambiguous as it stands. Because there is an ambiguity in the statute, one must refer back to the overarching principle that the removal statute is to be "strictly construed against removal and in favor of remand." *Lindley,* 755 F.Supp. at 1021. Under this principle, the Court must interpret the statute in favor of the view that the thirty day period begins to run when a defendant's statutory agent is served.

Given the general reading of the relevant statutes and the need to interpret ambiguities in favor of remand, the Court finds that process was served and received when the documents were delivered to the Insurance Commissioner and Treasurer's office on December 17, 1993. Consequently, Defendant's Notice of Removal, filed 40 days later on January 26, 1994, was untimely and this case should be remanded to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

## II. *CONCLUSION*

For the foregoing reasons, I recommend that **Plaintiff's Motion for Remand (doc. 9)** be Granted.

So recommended this 8th day of June, 1994.

---

**4.** Although these cases revolve around the "perfection of service/in hand" dichotomy, they do provide this axiom concerning the running of the removal period.